IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALYSIA M. CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORSYTH COUNTY )<br>SOCIAL SERVICES, et al., )<br>)<br>Defendants. ) | 1:23CV489 |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Alysia M. Cunningham's application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1.) On October 30, 2023, the undersigned gave Plaintiff an opportunity to file an amended complaint after concluding that Plaintiff may be attempting to bring a claim for employment discrimination. (*See* Text Order dated 10/30/2023.) In response to the Court's Order, Plaintiff filed an Amended Complaint. (*See* Docket Entry 6.) The Court will review the Amended Complaint to determine whether dismissal is appropriate because it is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word

'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The Court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he or she is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). Plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Questions concerning subject matter jurisdiction may be raised at any

2

time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, a review of Plaintiff's Amended Complaint makes clear that she is asserting a claim for defamation against Defendants based upon their alleged conduct in the workplace related to inadequate training, abuse of power from supervisors and the subsequent rescission of a job offer located in another division. (*See* Am. Compl., Docket Entry 6 at 3-5.)[1] As a threshold matter, Plaintiff has not properly demonstrated that the Court has subject matter jurisdiction to hear her claim. "At base, defamation is a state-law tort claim." *Cannon v. Peck*, 36 F.4th 547, 559 (4th Cir. 2022); *see also Wells v. Liddy*, 186 F.3d 505, 518 n.10 (4th Cir. 1999) (stating that "defamation is a state law matter"). Therefore, Plaintiff must establish diversity jurisdiction for this matter to proceed. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Solomon v. Dixon*, 724 F. Supp. 1193, 1197 (E.D.N.C. 1989) ("[S]lander or defamation does not constitute a basis upon which relief may be granted under § 1983."), *aff'd*, 904 F.2d 701 (4th Cir. 1990).

Here, Plaintiff cannot establish subject matter jurisdiction under diversity of citizenship as there are no allegations from which the Court can conclude that the parties are diverse. (*See* Am. Compl. at 1-3.)[2] Diversity jurisdiction "requires complete diversity among parties,

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[2] Plaintiff's Amended Complaint appears to reflect the North Carolina business address of Forsyth County Social Services for all Defendants. (*See* Am. Compl. at 2.) However, Plaintiff's original

3

meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Furthermore, Plaintiff does not indicate an amount in controversy in excess of $75,000 as required under 28 U.S.C. § 1332(a). (*See* Am. Compl. at 6; *see also* 28 U.S.C. § 1332(a) (amount in controversy must exceed $75,000).) In fact, she fails to allege any damage amount. Thus, it is clear that there is no diversity jurisdiction. Perhaps Plaintiff "may be able to pursue any state law tort claims alleged against defendants in state court, but such claims cannot form the basis for subject matter jurisdiction in this [C]ourt based on Plaintiff's Amended Complaint." *Brockington v. Salem United Methodist Church*, No. CV 4:19-2050-RBH-TER, 2019 WL 5748488, at *2 (D.S.C. Oct. 18, 2019), *report and recommendation adopted*, No. 4:19-CV-02050-RBH, 2019 WL 5721649 (D.S.C. Nov. 5, 2019), *aff'd*, 797 F. App'x 115 (4th Cir. 2020). Therefore, given the absence of grounds to establish complete diversity for purposes of 28 U.S.C. § 1332 and no federal claim otherwise asserted, the Court lacks jurisdiction over Plaintiff's claim and the Amended Complaint should be dismissed without prejudice to Plaintiff filing her claim in the proper forum.

Accordingly, **IT IS HEREBY ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order.[3]

---

Complaint explicitly states that she and the individually named Defendants are citizens of North Carolina. (*See* Docket Entry 2 at 3, 5.) In any event, no facts alleged establish a basis for diversity jurisdiction.

[3] Section 8 of the IFP application, which sets out an estimate of the average monthly expenses, is blank with the total reflecting $0.00. (*See* Docket Entry 1 at 4-5.) Plaintiff elsewhere on the application states that she is unemployed, her monthly rent is $1,461 and she is unable to pay her current bills. (*Id.* at 5.) Given her employment status, her lack of other income sources or assets, and the recommendation of dismissal herein, the undersigned will not seek further information regarding any other potential expenses.

4

**IT IS RECOMMENDED** that this action be dismissed without prejudice for lack of subject matter jurisdiction.

/s/ Joe L. Webster
United States Magistrate Judge

November 30, 2023
Durham, North Carolina